O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#25

CIVIL MINUTES - GENERAL

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors  v.  A & L Partners, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff/Counterdefendant's motion to miss Defendants/Counterclaimants' Third, Fourth, Fifth, Eighth, and Ninth Amended Counterclaims**

Before this Court is Plaintiff and Counterdefendant F.M. Tarbell Co., d/b/a Tarbell Realtors's ("Tarbell") motion to dismiss certain counterclaims filed by Defendants and Counterclaimants A & L Partners, Inc. and Andrea Marquez. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.      Background

The motion presently before the Court is part of a long-running dispute between two real estate agencies that compete for business in the Southern California inland-desert region real estate market. Plaintiff and Counterdefendant F.M. Tarbell Co. d/b/a Tarbell Realtors ("Tarbell") is a real estate agency that sells "upper-scale homes" in Southern California through its "Preferred Properties" division. *Compl*. ¶¶ 1, 2. Defendants A & L Partners, Inc., Andrea Marquez, Joseph R. Deville, Bennion & Deville Fine Homes, Inc., Bob Bennion, KRG Realty Group, Inc. and Richard Michael King (collectively, "Defendants" or "Windermere") do business as, are employed by, or are in some way related to Windermere Real Estate/Preferred

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors  v.  A & L Partners, Inc., *et al.* | | |

Properties real estate agency ("Windermere").[1] *Compl.* ¶¶ 6-12.  On October 19, 2010, Tarbell filed suit against Defendants, asserting six causes of action: one Lanham Act claim for trademark infringement and unfair competition, and five state law claims for false advertising, unfair competition, common law trademark infringement, breach of contract, and intentional interference with contractual relations.  Tarbell's trademark infringement and unfair competition claims are based on allegations that Windermere unlawfully used Tarbell's "Preferred Properties" mark in connection with Windermere's recruiting and marketing efforts.  *Compl.* ¶ 3.  Tarbell's contract-based claims arise from allegations that Defendants' unauthorized use of Tarbell's mark violates the parties' settlement agreement in an earlier case, CV 10-4048 PSG (Ex) ("First Action"), in which Tarbell similarly claimed that Windermere violated its Preferred Properties trademark.  *See* No. CV 10-4048, Dkt. #1 (May 28, 2010).

On January 21, 2011, A & L Partners, Inc. and Andrea Marquez (together, "Counterclaimants" or "Windermere") filed an amended Counterclaim against Tarbell, alleging the following counterclaims: (1) declaration of invalidity of Tarbell's alleged common law mark; (2) declaration of non-infringement; (3) breach of implied covenant of good faith and fair dealing; (4) tortious interference with contracts; (5) intentional interference with prospective economic advantage; (6) unfair competition under 15 U.S.C. § 1125(a); (7) unfair competition under Cal. Bus. Code § 17200 *et seq.*; (8) abuse of process; and (9) negligent interference with prospective economic advantage.  *See* Dkt. #17 (Jan. 21, 2011) (amended Counterclaim).  In essence, Counterclaimants allege that Tarbell improperly solicited Windermere sellers, harassed Counterclaimants, damaged property belonging to Windermere, and filed this lawsuit (as well as the First Action) in an "ill-gotten, wrongful attempt to stifle Windermere's growth in [the] real estate market." *CC* ¶¶ 15, 18-21, 25-37.

On February 10, 2011, Tarbell moved to dismiss five of Windermere's nine counterclaims: the Third Counterclaim for breach of implied covenant of good faith and fair dealing; the Fourth Counterclaim for tortious interference with contracts; the Fifth Counterclaim for intentional interference with prospective economic advantage; the Eighth Counterclaim for

---

[1] Counterclaimant A & L Partners, Inc. allegedly does business as Windermere Real Estate/Preferred Properties and Windermere Preferred Living™.  *See Amended Counterclaims* ("*CC*") ¶ 4 (Dkt. #17 (Jan. 21, 2011)).  Counterclaimant Andrea Marquez is an officer of A & L. *Id.* ¶ 5.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors  v.  A & L Partners, Inc., *et al.* | | |

abuse of process; and the Ninth Counterclaim for negligent interference with prospective economic advantage.[2]

II.     Legal Standard

    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

    In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis.  *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Ashcroft*, 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

    Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a)

---

[2] Tarbell does not take issue with Windermere's declaratory judgment or unfair competition claims in this motion.  Accordingly, Windermere's First, Second, Sixth and Seventh Counterclaims remain unchallenged.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors v. A & L Partners, Inc., *et al.* | | |

documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.     Discussion

In moving to dismiss portions of Windermere's Counterclaim, Tarbell contends that Windermere failed to adequately plead its causes of actions for breach of the implied covenant of good faith and fair dealing, tortious interference with contracts, intentional and negligent interference with prospective economic advantage, and abuse of process. Accordingly, Tarbell argues, Windermere's Third, Fourth, Fifth, Eighth, and Ninth Counterclaims must be dismissed. For the following reasons, the Court agrees.

A.     Breach of Implied Covenant of Good Faith and Fair Dealing (Third Counterclaim)

Tarbell first contends that Windermere failed to allege facts sufficient to state a plausible claim for breach of the implied covenant of good faith and fair dealing. *Mot.* 5:9-8:8. The covenant of good faith and fair dealing aims to "prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat., Inc.*, 24, Cal. 4th 317, 349, 100 Cal. Rptr. 2d. 352 (2000) (emphasis in original). Additionally, it imposes a "duty to do everything that the contract presupposes that he will do to accomplish its purpose." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093, 8 Cal. Rptr. 3d 233, 236 (2004). Notably, however, the covenant is limited to assuring compliance with the *express terms* of the contract, *id.* at 1094; it may not "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*, 24 Cal. 4th at 350; *cf. Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 55, 122 Cal. Rptr. 2d. 267 (2002) (holding that the implied covenant of good faith and fair dealing cannot contradict the express terms of a contract).

Windermere's claim that Tarbell breached the implied covenant of good faith and fair dealing appears to have two discrete bases. First, Windermere alleges that Tarbell misrepresented the parties' prior settlement agreement in communications with Windermere's actual and potential customers, specifically, asserting that the settlement agreement recognized

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#25

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors v. A & L Partners, Inc., *et al.* | | |

that Tarbell had a valid mark in the term "Preferred Properties" when the agreement did not. *CC* ¶¶ 50-51. Second, Windermere alleges that Tarbell breached the implied covenant of good faith and fair dealing by filing what it claims is a baseless lawsuit. *Id.* ¶ 52. Neither allegation, however, suffices to state a claim for breach of the implied covenant of good faith and fair dealing. Given the vagueness and generality of the allegations upon which Windermere's implied covenant claim is based, the Court cannot ascertain whether either the allegedly misleading communications or the filing of this lawsuit constitute a breach of the settlement agreement. *See Pasadena Live*, 114 Cal. App. 4th at 1094; *Guz*, 24 Cal. 4th at 349. Thus, because the Counterclaimants fail to plead specific facts showing that Tarbell's conduct actually violated an express term of the settlement agreement, or frustrated Windermere's right to receive the benefits of such, the Court DISMISSES Windermere's Third Counterclaim with leave to amend.

   B. <u>Tortious Interference with Contracts (Fourth Counterclaim)</u>

  Next, Tarbell contends that Windermere fails to adequately plead all of the elements required to state a claim for tortious interference with contracts. *Mot.* 8:22-10:18. There are four elements to this cause of action: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns* & Co., 50 Cal. 3d 1118, 1126, 270 Cal. Rptr. 1 (1990).

  Here, Windermere asserts that it has "existing, valid, and profitable contracts and relationships with their customers[,]" *CC* ¶ 58, and that "[a]t all relevant times, Plaintiff and its agents and/or conspirators were aware of counterclaimants' contracts and relationships." *CC* ¶ 59. Given the absence of specific facts establishing the existence of valid contracts with third parties and Tarbell's awareness of such contracts (let alone the absence of facts showing that Tarbell's conduct induced a breach of the contracts, thereby causing damage to Windermere) the Counterclaim fails to satisfy the standard set forth in *Twombly* and its progeny.[3] Accordingly, the Court DISMISSES the Fourth Counterclaim with leave to amend.

---

[3] To this end, Windermere's reliance on a pre-*Twombly* case, *Jenson Enters. Inc, v. Oldcastle, Inc.,* No. C 06-00247 SI, 2006 U.S. Dist. LEXIS 68262, at *28-29 (N.D. Cal. Sept. 6, 2006), is of little avail.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors  v.  A & L Partners, Inc., *et al.* | | |

C.  <u>Intentional and Negligent Interference with Prospective Economic Advantage (Fifth and Ninth Counterclaims)</u>

Next, Tarbell argues that Windermere's Fifth and Ninth Counterclaims for Intentional and Negligent Interference with Prospective Economic Advantage fail to state plausible claims upon which relief could be granted.  Again, the Court agrees.

1.  *Intentional Interference with Prospective Economic Advantage*

To state a claim for the tort of intentional interference with prospective economic advantage, a plaintiff must sufficiently allege the following: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153, 131 Cal. Rptr. 2d. 29 (2003).

Here, Windermere fails to present the specific, factual allegations necessary to maintain its IIPEA Counterclaim.  The Counterclaim merely asserts that Windermere "had and have existing business relationships or prospective business relationships which had probability of future economic benefit and/or advantage[,]" *CC* ¶ 65, and that "at all relevant times, [Plaintiff], and each of them, were aware of counterclaimants' prospective business advantage."  *CC* ¶ 66. For largely the same reasons explained above, these allegations are insufficient.  To survive a motion to dismiss under Rule 12(b)(6), Windermere was required to allege specific facts showing, *inter alia,* an existing business relationship with a probability of future economic benefit, Tarbell's knowledge of this relationship, actual damage to this relationship that was intentionally caused by Tarbell, and that it suffered economic harm as a result.   It failed to do so.  Thus, Windermere's Fifth Counterclaim is DISMISSED with leave to amend.

2.  *Negligent Interference with Prospective Economic Advantage*

Relatedly, a plaintiff bringing a claim for negligent interference with prospective economic advantage must sufficiently allege: (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors v. A & L Partners, Inc., *et al.* | | |

or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence cause damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 786, 69 Cal. Rptr. 2d 466 (1997).

Once again, Windermere comes up short. It states that it "had and ha[s] existing business relationships or prospective business relationships which had probability of future economic benefit and/or advantage[,]" *CC* ¶ 88, and cryptically refers to "false, defamatory information" that Tarbell allegedly made to Windermere's prospective customers. *CC* ¶ 91. As to Tarbell's purported negligence, the Counterclaim merely asserts that "Counterdefendants knew or should have known the interference described herein would cause damage to counterclaimants." *CC* ¶ 92. As previously explained, these allegations do not suffice under *Twombly* and its progeny. Accordingly, because Windermere failed to adequately plead a cause of action for negligent interference with prospective economic advantage, the Court DISMISSES the Ninth Counterclaim with leave to amend.

    D.    <u>Abuse of Process (Eighth Counterclaim)</u>

Lastly, Tarbell contends that Windermere fails to adequately plead a claim for abuse of process. The tort of abuse of process is comprised of two elements: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 520, 37 Cal. Rptr. 3d 381, 389 (2005) (citing *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168, 232 Cal. Rptr. 567 (1986)). Further, as the California Supreme Court explained, while the prosecution of an obviously meritless claim may expose a party to damages for malicious prosecution, "the mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren*, 42 Cal. 3d at 1169. Rather, "some definite act or threat" must accompany the improperly motivated judicial process. *See Carlock v. RMP Fin.*, No. 03-CV-0688 W, 2003 WL 24207625, at *2 (S.D. Cal., Aug. 5, 2003) (quoting *Silver v. Gold*, 211 Cal. App. 3d 17, 24, 259 Cal. Rptr. 185 (1989)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors v. A & L Partners, Inc., *et al.* | | |

Here, the Court finds that Windermere's Eighth Counterclaim does not sufficiently state facts showing abuse of process. While Windermere alleges that Tabell acted with an ulterior purpose, *see CC* ¶ 85, the predicate "willful act" alleged in the Counterclaim is Tarbell's "maintaining and initiating this objectively baseless action." *Id.* ¶ 86. Windermere's opposing papers, conceding that the filing of the suit itself is not a proper basis for an abuse of process claim, *Opp'n* 18:24-25, argue that – notwithstanding the allegation in paragraph eighty-six noted above – its abuse of process claim is not actually based on the filing of this lawsuit. *Id.* at 18:27-28. Rather, according to Windermere, its abuse of process claim arises from Tarbell's alleged "post-filing, 'post-process' actions executed under the guise of litigation" and efforts to "obtain valuable business information" through the discovery process that would "injure [Counterclaimants'] business and reputation", and "interfere with their business [relationships]." *CC* ¶¶ 31-32, 34, 36, 84.

Even accepting Windermere's position that the Eighth Counterclaim is based on "post-process" discovery actions, the Court does not find the allegations sufficiently state a plausible claim for abuse of process. As previously noted, California law is clear that "maintenance of a lawsuit…is not a proper basis for an abuse of process action." *Oren*, 42 Cal. 3d at 1168. Discovery is an integral part to maintaining a lawsuit. Here, given that Windermere alleges no specific facts showing any unauthorized or wrongful conduct, the mere conducting of civil discovery in civil litigation cannot provide a basis for bringing a tort claim for abuse of process – even if Windermere alleges that Tarbell is conducting discovery with bad intentions. *See Silver*, 211 Cal. App. 3d at 24 ("[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.") (internal quotations omitted).

To the extent it believes that "Tarbell improperly used and/or intends to use civil discovery techniques[,]" Windermere may pursue discovery sanctions through properly noticed procedures. *CC* ¶ 32. But it may not maintain a claim for abuse of process based on conclusory allegations of discovery abuse. Thus, Windermere's Eighth Counterclaim is also DISMISSED with leave to amend.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Tarbell's motion, thereby DISMISSING the following Counterclaims:

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1589 PSG (Ex) | Date | March 23, 2011 |
|---|---|---|---|
| Title | F.M. Tarbell Co., d/b/a Tarbell Realtors v. A & L Partners, Inc., *et al.* | | |

- the Third Counterclaim for breach of implied covenant of good faith and fair dealing;

- the Fourth Counterclaim for tortious interference with contracts;

- the Fifth Counterclaim for intentional interference with prospective economic advantage;

- the Eighth Counterclaim for abuse of process; and

- the Ninth Counterclaim for negligent interference with prospective economic advantage.

Counterclaimants are hereby ordered to file a Second Amended Counterclaim by **April 13, 2011**. Failure to do so will result in dismissal of the Counterclaims with prejudice.

**IT IS SO ORDERED.**